UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION,
LOCAL 66,

    Plaintiff,

vs.

NORTHSHORE SHEET METAL, INC.,

    Defendant.

Case No. CV12-01903RSL

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

    This matter comes before the Court on Plaintiff's motion to strike. Dkt. # 39. The procedural background is as follows: On November 29, 2012, Plaintiff initially moved for partial summary judgment. Dkt. # 9. After various filings relating to Defendant's motion for continuance that the Court ultimately denied, Dkt. # 14; Dkt. # 16; Dkt. # 19; Dkt. # 20; Dkt. # 21; Dkt. # 23, Defendant responded to Plaintiff's motion for partial summary judgment. Dkt. # 29. Plaintiff accordingly submitted its reply. Dkt. # 35. Defendant then submitted a "Response to Plaintiff's Evidentiary Objections" ("the Contested Filing"). Dkt. # 38. Plaintiff moves to strike this filing. Dkt. # 39.

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE 1

**Analysis**

The parties do not dispute that, as a general rule, the Local Rules authorize only three rounds of filing: the moving party's initial filing, the nonmoving party's response, and the moving party's reply. Because the Contested Filing was a fourth-round filing, the issue presented is whether the Contested Filing fits within the sole exception in the Local Rules to the normal briefing schedule: a surreply under CR 7(g). For both procedural and substantive reasons, the Court finds the Contested Filing is not a proper surreply.

The Contested Filing failed to satisfy three procedural requirements of a surreply under CR 7(g). First, Defendant failed to file a notice of intent to file a surreply. CR 7(g)(1); Dkt. # 40 at 1. Second, the Contested Filing was longer than three pages. CR 7(g)(3); Dkt. # 38. Third, the Contested Filing was submitted more than five days after the Plaintiff's reply. CR 7(g)(2); Dkt. # 35; Dkt. # 38.

Even apart from these procedural defects, the Court finds that the Contested Filing is not a surreply in substance. A surreply is the nonmoving party's request for the Court to strike material contained in or attached to the moving party's reply. CR 7(g). The Contested Filing, however, never requests the Court to strike evidence Plaintiff proffered in its reply; instead, the Contested Filing provides Defendant's legal arguments attempting to rebut Plaintiff's evidentiary objections. Dkt. # 38 at 1-4. The Court thus finds the Contested Filing is not a surreply under CR 7(g).[1] See Lewis v. Everett High Sch., 2007 U.S. Dist. LEXIS 68634, *3 (W.D. Wash. 2007) ("Plaintiff's surreply did not contain a request to strike material contained in defendants' reply brief and was therefore not authorized by the Local Rule 7(g).").

Defendant is correct that the Court has previously used its discretion to permit a surreply even when the full requirements of CR 7(g) were not met. Watson v. Zurcher, 2008 WL 2858504, at *7 (W.D. Wash. 2008). If Defendant's only errors in its surreply were a single

---

[1] Because the Court finds the Contested Filing is not a surreply, Defendant's argument that *Plaintiff's motion to strike* violated CR 7(g)(4) fails. Dkt. # 40 at 1-2; CR 7(g)(4) (providing no response to a surreply shall be filed unless the Court requests it).

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE 2

procedural error, such as in <u>Watson</u>, the Court may perhaps use its discretion to forgive the error while admonishing the party. The Contested Filing, however, is a different situation. Defendant's three procedural errors militate against the Court using its discretion to deny the motion to strike. Most importantly, the Contested Filing in its substance is not a surreply, but rather the nonmoving party's attempt to have the last word on the legal discussion of admissibility of its own evidence. Accordingly, the Court will not use its discretion to transform the Contested Filing into a surreply.

      For all of the foregoing reasons, defendant's motion to strike is GRANTED.

      Dated this 8th day of April, 2013.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE 3