1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

_____
                                                    )
10  SHEET METAL WORKERS                 )
    INTERNATIONAL ASSOCIATION,      )
    LOCAL 66,                                        )         No. C12-1903RSL
11                                                      )
                        Plaintiff,              )
12          v.                                          )         ORDER GRANTING MOTION
                                                        )         FOR TEMPORARY RESTRAINING
13  NORTHSHORE SHEET METAL, INC.,   )         ORDER
                                                        )
14                      Defendant.           )
    _____)

15

16          This matter comes before the Court on "Defendant's Ex Parte Motion for a

17  Temporary Restraining Order."  Dkt. # 62.  Defendant seeks to enjoin the Local Joint

18  Adjustment Board proceedings that are currently scheduled for April 10, 2013, and April 30,

19  2013.  Defendant provided notice of the motion to plaintiff, but no response has been filed.

20          Although the procedure for obtaining a temporary restraining order differs from

21  that which is applicable in the preliminary injunction context, the factors considered by the

22  Court are the same.  In order to obtain preliminary injunctive relief, plaintiff must establish "that

23  he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

24  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

25  public interest."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 129 S. Ct. 365, 374 (2008).

26
    ORDER GRANTING MOTION FOR
    TEMPORARY RESTRAINING ORDER

In addition, "serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010) (internal quotation marks omitted).

Having reviewed defendant's motion and the remainder of the record, the Court finds that defendant has raised serious questions regarding the arbitrability of the January and March grievances, that it has a fair chance of success on the merits, that forcing the employer into arbitration in the absence of a valid agreement to arbitrate (or forcing the employer to forego participation and risk the adverse consequences) would irreparably harm defendant, and that a temporary stay continues the status quo and will not cause plaintiff undue hardship.  Plaintiff and the Local Joint Adjustment Board are temporarily enjoined from proceeding, administering, or prosecuting the arbitration hearings currently scheduled for April 10, 2013, and April 30, 2013, until this matter can be heard and decided by the Court.

Plaintiff shall respond to defendant's motion for injunctive relief on or before Wednesday, April 17, 2013.  Defendant shall file its reply, if any, on or before noon on Monday, April 22, 2013.  The parties shall appear for hearing before the undersigned at 10:00 am on April 25, 2013.  No security shall be required.

Dated this 10th day of April, 2013.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR
TEMPORARY RESTRAINING ORDER            -2-